## *In re* WY SHING.

## *In re* WONG GAN.

### (*Circuit Court, N. D. California.* November 8, 1888.)

1. **CHINESE—CHILDREN BORN IN UNITED STATES — CITIZENSHIP — FOURTEENTH AMENDMENT.**
   A person born in the United States of Chinese parents residing therein, and not engaged in any diplomatic or official capacity under the government of China or other foreign power, is born subject to the jurisdiction of the United States, and he is a citizen thereof, under the fourteenth amendment to the national constitution.[1]

2. **SAME—EXCLUSION ACTS—CONSTRUCTION.**
   The Chinese restriction acts of 1882 and 1884, and the exclusion act of 1888, are not applicable to citizens of the United States. though of Chinese parentage.[1]

3. **CONSTITUTIONAL LAW—RIGHTS OF CITIZENS.**
   No citizen can be excluded from the United States, except in punishment for crime.

(*Syllabus by the Court.*)

*Habeas Corpus.*

Wy Shing was born in San Francisco, Cal., of Chinese parents, who had intermarried at Marysville, in the state of California. After his birth petitioner's parents returned to Marysville, where his mother died when he was three years old. When petitioner was six years old his father sent him to China in charge of an elder brother of the father, where he remained till thirteen years old, when he returned to California. In 1885 he went to China again, and remained there till September, 1888, when he took passage a second time for California, before the passage of the late exclusion act. He arrived at San Francisco October 7, 1888, after the approval of said exclusion act, on October 1, 1888. The collector refused him permission to land, on the ground that he was a Chinese laborer, who had departed from the country, and that he was prohibited from returning by the provisions of said act. His father was, and he still is, a laborer, and he was in no way in the service of the emperor or government of China at the time of the birth of petitioner or at any other time. He still resides in California, and he has never been back to China or left the state of California since the birth of petitioner.

---

[1]See, to the same effect, Ex parte Chin King, 35 Fed. Rep. 354; In re Yung Sing Hee, *ante,* 437.

Wong Gan was born in San Francisco in 1868. He is now 20 years old. His father was a merchant while here, but he labors in the field in China, although he has an interest in a small trading establishment. The petitioner returned to China with his parents when he was 14 years old, where he remained till September, 1888, when he embarked on his return voyage to San Francisco, and arrived at his destination since the passage of the exclusion act. Neither his father nor his mother has ever returned to San Francisco, since their departure in 1881. They still remain in China. While here they had no connection with the diplomatic service of the Chinese empire.

*A. H. Ricketts*, for petitioners.

*John T. Carey*, U. S. Atty., for the United States.

Before SAWYER, Circuit Judge.

SAWYER, J., (*after stating the facts as above.*) In *Look Tin Sing's Case*, 10 Sawy. 353, 21 Fed. Rep. 905, after a full argument by able counsel, and careful consideration by the court, Mr. Justice FIELD, with the concurrence of the circuit and district judges, held that a person born in the United States, of Chinese parents not engaged in the diplomatic service of any foreign government, is born subject to the jurisdiction of the United States, and is a citizen thereof, under the provisions of the fourteenth amendment to the national constitution. As such citizen, it was further held that he was not subject to the Chinese restriction laws, and could not be excluded from this country. I am still satisfied with this ruling; but, if I were in doubt, I should not presume to overrule Mr. Justice FIELD upon a question which he has so maturely considered, and decided. If the point was erroneously decided, then children of Caucasian parentage, born under similar circumstances, are not citizens; and hundreds of thousands have, for years, been, unlawfully, enjoying and exercising all the rights of citizens, civil and political. The decision in that case controls these cases, which are similar to it. The petitioners are citizens, and are not, and they cannot be, excluded from the United States under the provisions of the late act in question. They are, therefore, illegally restrained of their liberty, and must be discharged, and it is so ordered.